Case 11-51384    Doc 32    Filed 08/29/12    Entered 08/29/12 14:45:12    Desc Main
Document    Page 1 of 3



FILED & JUDGMENT ENTERED
Steven T. Salata

Aug  29  2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## WILKESBORO DIVISION

IN RE:
CHARLES ALLEN BEATTY, IV
CHRISTINE ELIZABETH BEATTY
            DEBTORS

CASE NO.  11-51384
CHAPTER 13

### ORDER GRANTING MOTION TO RECONSIDER
### ORDER CONFIRMING CHAPTER 13 PLAN

**THIS CAUSE** coming on to be heard before the undersigned Bankruptcy Judge upon the Motion to Reconsider Order Confirming Chapter 13 Plan filed by Wells Fargo Bank, N.A. (hereinafter, "Wells Fargo").  The Court finds as follows:

### FINDINGS OF FACT

1. This case was commenced on November 11, 2011, by the filing of the Debtors' Chapter 13 Bankruptcy petition.

2. The Debtors' Chapter 13 Plan was filed and served on November 11, 2011, and specifically provided in Section 4.e. that the "interest rate on Wells Fargo home mortgage is a variable rate with a present rate of 3.00%.  Upon confirmation of the Debtors' plan, the interest rate on the Wells Fargo home mortgage will be fixed at the current rate of 3.00%."

3. Wells Fargo filed a proof of claim on January 19, 2012, indicating that it held a claim with an approximate payoff amount of $151,523.05 and present arrearage of $4,581.11, secured by the Debtors' principal residence at 918 43rd Avenue Court NE, Hickory, North Carolina.

4. No objections were filed to the Debtors' Chapter 13 Plan and an Order Confirming the Debtors' Chapter 13 Plan was entered by the Court on February 14, 2012.

5. On April 28, 2012, Wells Fargo filed a Notice of Mortgage Payment Change herein, to which the Debtors objected upon the basis of the confirmed Plan and *United Student Aid Funds, Inc. v.*

*Espinosa*, ____ U.S. ____, 130 S. Ct. 1367, 176 L.Ed.2d 158 (2010), which objection this Court sustained by Order entered July 26, 2012, Docket # 30, without prejudice to Wells Fargo to file the present motion.

6.  On July 20, 2012, Wells Fargo filed a Motion to Reconsider the Order Confirming Chapter 13 Plan (hereinafter, "The Motion to Reconsider") alleging that Order Confirming the Debtors' Chapter 13 Plan should be reconsidered pursuant to Rule 60(b) of the Federal Rules of Civil Procedure as incorporated by Rule 9024 of the Federal Rules of Bankruptcy Procedure because it was filed in violation of several Bankruptcy Code provisions, to which the Trustee and the Debtors filed responses and objections on July 24, 2012 and July 25, 2012, respectively.

7.  On August 10, 2012, the Court held a hearing on the Motion to Reconsider filed by Wells Fargo and the objections thereto filed by the Trustee and the Debtors.

**NOW THEREFORE,** by virtue of the law and by reason of the premises aforesaid, it is Ordered, Adjudged and Decreed as follows:

A.  The Motion to Reconsider the Order Confirming Chapter 13 Plan is granted pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure as incorporated by Rule 9024(6) of the Federal Rules of Bankruptcy Procedure;

B.  Wells Fargo Motion to Reconsider the Order Confirming Chapter 13 Plan has met the burden required to justify the relief being sought as set forth in *Park Corp. v. Lexington Ins. Co.* 812 F.2d 894, 896 (4th Cir. 1987), namely: 1) timeliness; 2) the existence of a meritorious defense; and 3) that no unfair prejudice will be due to the Debtors by granting the relief sought.  The Motion to Reconsider was filed timely as it was filed 5 months after the Order Confirming Plan was entered; Wells Fargo has a meritorious defense as the Debtors' Chapter 13 plan sought to modify a lien on the Debtors' principal residence in direct contradiction to 11 U.S.C. § 1322(b)(2), and the Debtors will not be unfairly prejudiced as Wells Fargo's lien contractually provides for an adjustable interest rate that cannot legally be modified through the terms of their plan.

C.  The present case is factually distinguishable from *United Student Aid Funds, Inc. v. Espinosa,* ___ U.S. ___, 130 S. Ct. 1367, (2010) and does not prevent the Court from granting the relief sought by Wells Fargo in its Motion to Reconsider.  In *Espinosa*, there was a 10 year lapse from the time the Order Confirming the Chapter 13 Plan was entered to the time the student loan lender sought to set aside the Order Confirming the Chapter 13 Plan.  In the present case, only 5 months separate the Order Confirming the Chapter 13 Plan from Wells Fargo's Motion to Reconsider.  As stated in *Espinosa,* 11 U.S.C. § 1325 requires bankruptcy courts to address and correct defects in a debtor's proposed plan.  There is a defect in the Debtors' Chapter 13 plan in that it violates 11 U.S.C. §1322(b)(2).

D.  The Order Confirming the Debtors' Chapter 13 Plan is hereby amended to strike the language permanently fixing Wells Fargo's adjustable interest rate on the Debtors' mortgage.  Wells Fargo's mortgage shall be paid pursuant to the contractual adjustable interest rate so long as Wells Fargo timely files notices of any adjustment in the interest rate.

E.  The Court's prior Order sustaining the Debtors' objection to Wells Fargo's Notice of Mortgage Payment Change is stricken and such objection is denied based upon this Order striking the applicable

portions of the confirmed Chapter 13 Plan; provided, however, that the non-base fee awarded to Debtors' counsel therein shall not be stricken.

F.      Debtors counsel shall be allowed and permitted to submit a separate time and expense fee application for defense of this Motion.

G.      Except as specifically modified by this Order, the remaining terms of the Debtors' Chapter 13 Plan shall remain in full force and effect as confirmed.

This Order has been signed
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.                                          United States Bankruptcy Court